UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARRY CARL JOHNSON, JR.,
#258971

        Plaintiff,                            No. 14-12790

v.                                          District Judge Judith E. Levy
                                                Magistrate Judge R. Steven Whalen

DEREK WILLIAMS, ET AL.,

        Defendants.
_____/

**ORDER**

     Plaintiff Harry Carl Johnson, Jr., a *pro se* prison inmate in this civil action, has filed a motion to compel discovery [Doc. #31]. For the following reasons, the motion will be DENIED.

     Fed.R.Civ.P. 26(b)(1) provides that parties "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Under Rule 26(b), the scope of discovery is broad. *Lewis v. ABC Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Id.*, quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970). It is well established that "the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993); *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). However, the Court may limit discovery if "the discovery sought is unreasonably cumulative or duplicative [or] ... the burden or expense of the

proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2). "[M]ost discovery disputes are resolved by balancing the relevance, importance, and need for the discovery on one hand against the burden, expense, and possibility of waste of time and effort on the other." *El Camino Resources, Ltd. v. Huntington Nat. Bank*, 2008 WL 4833009, *1 (W.D.Mich. 2008).

For the most part, the specific discovery requests at issue in this case lack any relevance to the claims or defenses. Interrogatory No. 5 requests Defendant's hobbies and recreational activities; Interrogatory No. 6 asks for membership in social clubs or lodges; and Interrogatory No. 7 requests information about Defendant's illnesses or surgical procedures. This case is based on an allegation that Defendant, a police officer with the City of Alma, violated the Plaintiff's Fourth Amendment rights by conducting an unconstitutional warrantless search of his hotel room. The Defendant's off-duty social activities and his medical history have no conceivable relevance to Plaintiff's claims.

Interrogatory No. 17 asks whether Defendant made any statement regarding the December 19, 2012 incident involving the Plaintiff. Defendant has produced the police report he prepared. It appears that Plaintiff is now seeking statements that Defendant made to his attorney. Any such statements are protected by the attorney-client privilege, and are not discoverable. Nor does Defendant's admission that he prepared a police report effect a waiver of the privilege.

Finally, in Interrogatory No. 19, Plaintiff requests the names and addresses of any witnesses the Defendant intends to call at trial. Defendant's counsel states that he has already provided the identities of all known witnesses to the incident. Trial witness lists have not yet been filed. I also note that Defendant's summary judgment motion is pending. If summary judgment is granted, Plaintiff's Interrogatory No. 19 will be moot.

This particular request, therefore, is denied without prejudice.

Under these terms and for these reasons, Plaintiff's motion to compel discovery [Doc. #31] is DENIED.

IT IS SO ORDERED.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: November 5, 2015

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 5, 2015, electronically and/or by U.S. mail.

s/C. Ciesla
Case Manager