UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Harry Carl Johnson, Jr.,

          Plaintiff,      Case No. 14-cv-12790
                              Hon. Judith E. Levy
v.                               Mag. Judge R. Steven Whalen

Derek Williams, *et al.*,

          Defendants.

_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [46] AND GRANTING SGT. JACOB GULICK'S MOTION FOR SUMMARY JUDGMENT [36]

On February 23, 2016, Magistrate Judge R. Steven Whalen entered a Report and Recommendation (Dkt. 46) recommending that the Court grant the motion for summary judgment filed by the only remaining defendant in this case, Sgt. Jacob Gulick of the Alma Police Department. (Dkt. 36.) Following an extension of the time to file objections to the Report and Recommendation, plaintiff Harry Carl Johnson, Jr. timely filed a single objection. (Dkt. 49.)

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may not grant summary judgment if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248. The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526 (6th Cir.2002)).

This case involves a warrantless police search of a hotel room following two officers' alleged identification of strong marijuana smells emanating from a room that plaintiff, along with others, occupied. For the purposes of analyzing plaintiff's objection, the Court will adopt the statement of facts in the Report and Recommendation. (Dkt. 46 at 2-3.)

In determining whether an officer is entitled to qualified immunity, a court must determine 1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and 2) if so, whether that right was clearly established at the time of the officer's alleged misconduct. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Courts may address either prong of this inquiry first. *Pearson v.*

*Callahan*, 555 U.S. 223, 236 (2009). Judge Whalen found that defendant was entitled to qualified immunity because exigent circumstances justified warrantless entry into the hotel room – namely, that defendant detected a strong odor of marijuana emanating from the room, plaintiff admitted there was marijuana in the room (which was registered in plaintiff's name), plaintiff could not produce a medical marijuana registration card, although another occupant of the room could produce a medical marijuana card, and that in conducting the search, the officers seized drugs and money, but did not arrest plaintiff at the scene. (Id. at 7.)

Judge Whalen based his analysis that the warrantless search was justified on defendant's assertion that he sought to prevent the imminent destruction of evidence – in this case, the marijuana creating the strong odor emanating from the room. (Id. at 7-8 (citing *Kentucky v. King,* ___ U.S. ____, 131 S.Ct. 1849, 1858 (2011))). In particular, Judge Whalen relied on *United States v. McMillion*, 472 F. App'x 138 (3d Cir. 2012), in which the Third Circuit upheld a similar warrantless search based on the exigent circumstances doctrine. In that case, the Third Circuit held that a warrantless search was justified where officers

3

detected the odor of marijuana, which got stronger after the occupant of an apartment opened the door. *Id.* at 140-41. There, it was "reasonable for the officers to suspect that there was ongoing drug activity, and, particularly in light of McMillion's admission to smoking marijuana, it was also reasonable for the officers to conclude that contraband was being destroyed and would continue to be destroyed or removed if they did not act immediately." *Id.* at 141.

Plaintiff responds by indicating that *McMillion* differs from this case because of Michigan's Medical Marijuana Act ("MMMA"). He makes two arguments against the finding that exigent circumstances existed: first, plaintiff points out that another person in the room, Danyell Thomas, possessed an MMMA registration card, and plaintiff possessed an application and certification for a registration card; second, plaintiff argues that the search became unjustified *after* the police entered the room and detained plaintiff, Thomas, and the other occupant, Mirysa Audrey McElwee.

Plaintiff's first argument is unsuccessful because the protections of the MMMA do not extend so far as to completely decriminalize the possession and use of marijuana in Michigan, or prohibit searches when

4

a valid MMMA card is a potential defense to arrest or other punishment. The MMMA creates a "very limited, highly restricted exception to the statutory proscription against the manufacture and use of marijuana in Michigan." *People v. King*, 291 Mich. App. 503, 509 (2011). As Judge Whalen indicated, M.C.L. § 333.26424 states that a "qualifying patient who has been issued and possesses a registry identification card shall not be subject to arrest, prosecution, or penalty in any manner . . . for the medical use of marihuana in accordance with this act, provided that the qualifying patient possesses an amount of marihuana that does not exceed 2.5 ounces of usable marihuana[.]" This section of the MMMA does not address (and certainly does not prohibit) *searches* of spaces for marijuana.

As Judge Whalen also indicated, the Sixth Circuit has stated that probable cause justifying a search (and, by extension, the exigent circumstances justifying a warrantless search) may be determined without anticipating or investigating "a defendant's possible defenses to apparent illegality," including protection under the MMMA. *United States v. Ashbourne*, 571 F. App'x 422, 425 (6th Cir. 2014). Even where such protection might apply, it would only apply where there was "clear

and uncontroverted evidence" that a suspect was in full compliance with the MMMA. *United States v. Duval*, 742 F.3d 246, 252 (6th Cir. 2014).

Plaintiff was not arrested following the search of the room, even though he lacked a registration card. Further, plaintiff was not in full compliance with the MMMA precisely *because* he lacked a registration card. As Michigan courts have set forth, "[t]he MMMA does not abrogate state criminal prohibitions related to marijuana[.]" *People v. Brown*, 297 Mich. App. 670, 674 (2012). The warrantless search was justified under the circumstances, particularly where plaintiff himself was not protected from arrest (which did not occur) under the MMMA, plaintiff admitted there was marijuana in a room under his name, and the police could smell the odor of marijuana, which increased when the door opened.[1]

Plaintiff's second argument effectively stipulates to the reasonableness of the warrantless search, but only as to the detention of the room's occupants. Plaintiff theorizes that the exigent circumstances justifying a warrantless search based on the presence and potential

---

[1] Judge Whalen also correctly stated that even if this search violated a constitutional right, it was not clearly established at the time of the alleged violation, because the right was not established in the particularized sense necessary for defendant to understand that his actions would have violated that right. (Dkt. 46 at 11.)

6

destruction of drugs disappeared when the people in the room who could have destroyed the drugs were detained, although plaintiff does not state in his complaint, response to the motion for summary judgment, or the attached declarations that the police had detained, secured, or otherwise restrained the occupants of the room. Instead, plaintiff only states that the occupants were in the room at the same time as the officers.

"Whether exigent circumstances exist is determined at the moment of the warrantless entry by the officers." *United States v. Ponder*, 240 F. App'x 17, 20 (6th Cir. 2007) (citing *United States v. Killebrew*, 560 F.2d 729, 733 (6th Cir. 1977) (internal quote marks omitted). Here, plaintiff appears to agree that at the moment of entry, exigent circumstances did exist, but that the police should immediately cease all searching when the risk motivating the search is allegedly negated. In *Kentucky v. King*, the Supreme Court held that a warrantless search based on similar exigent circumstances was constitutional, and that both a "protective sweep" and "subsequent search" that unveiled "crack cocaine, cash, and drug paraphernalia"

7

were justified pursuant to that warrantless search. *King*, 563 U.S. at 457.

Here, the police searched the room, based in part on the occupants' admission that drugs were inside, and found both drugs and money. The purpose of the warrantless search was to prevent the destruction of evidence that was admittedly in the room; it would make little sense that a warrantless search could be constitutional, but only up to the point where the search would actually occur. Even if a constitutional violation of some sort occurred, it was not clearly established at the time that a justified warrantless search based on potential destruction of evidence was required to end at the point all occupants of the room were detained, when plaintiff admitted there were drugs in the room, and after the police entered the room, plaintiff identified the location of the drugs. (*See* Dkt. 42 at 20.)

Because defendant is entitled to qualified immunity, and the reasons for that immunity are clearly and correctly set forth in Judge Whalen's Report and Recommendation, it is hereby ordered that:

8

The Court ADOPTS Judge Whalen's Report and Recommendation (Dkt. 46);

Sgt. Jacob Gulick's motion for summary judgment (Dkt. 36) is GRANTED; and

This case is DISMISSED WITH PREJUDICE.

The Court further certifies that an appeal of this opinion would not be taken in good faith.

IT IS SO ORDERED.

Dated: April 12, 2016       s/Judith E. Levy
Ann Arbor, Michigan      JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 12, 2016.

     s/Felicia M. Moses
     FELICIA M. MOSES
     Case Manager